It was admitted that the act ought to be construed secun* dum subjectam materiam, and that indeed no act can be *204 construed otherwise; and it was further said, that supposing the subject matter to be the limitation of time for the commencing of actions, our construction is correspondent to it, for the limiting of the time when the bond shall be given in evidence, necessarily limits the time for the commencing of the action. That there is no absurdity in a double limitation to different purposes, and that the limitations have their effect to different purposes; but the construction on the other side rejects all the words or admitted in evidence. That where the trial is not in twelve years from the date of the bond,, the plaintiff may be chargeable with neglect, for a plaintiff may compel the defendant to a trial within two years from the issuing of the writ, and it is his own default if he does not do it: had the words of the act been, “ where “ the debt or thing in action is above ten years standing,” there would have been nothing unreasonable in it, for the time might have been limited as well to ten as to twelve years. That there is no difference between the words, -where the debt or thing in action hath been, or is txuelve years standing : when it is said the debt is above twelve years standing, the expressions impart that twelve years have expired; and so when it is said the debt has been, &c. In this case thirteen years have expired, and we can, therefore, say the debt has been or is above twelve years standing.
That if the construction of the word or, as if it were and, were admitted, still our objection would be the same, for then the effect of the clause would be this: The plaintiff shall not maintain his action unless he pleads and offers his bond in evidence in twelve years ; if, therefore, itbe made a copulative, both parts of it must be complied with to entitle the plaintiff, and if the plaintiff fails in either, he fails in his action, which amounts to the same thing in effect as a disjunctive, for the defendant cannot take advantage of the disjunctive, unless one part of it happens, which cannot be when the plaintiff complies with both, so that the case in Co. Litt. 272. may be admitted, as it cannot possibly effect our case»
■J. Chase, for plaintiff.
S. Bordley, for defendant.
That the debt or thing in action, may be as well said to be standing after, as before the action brought. The debt remains upon its original foundation, till it is extinguished by passing in rem judicatam. Suppose after the action brought, there had been a release of the debt, without doubt it might be pleaded, which shews the debt to be standing, for no release can operate upon that which does not exist at the time of giving it, as where A. is bound to B. in covenant, a release of all demands will not bar an action upon a future breach because no demand existed at the time of the release.
“ But the said Court, although no proof was made, for “ attempted, that the said bond was delivered at any day <c subsequent to the date thereof set forth in the said de» “ claration, declared their opinion to be, and accordingly “ ruled, that the plaintiff in this cause had taken out the u original writ in this cause on the 8th of November, 1752, “ and the said bond (the aforesaid act of Assembly not- “ withstanding) might and ought to be read and shewn to “ the Jury in evidence. And the same was done accord- “ ingly, whereto the defendant excepts,” &c.
The defendant prayed an appeal to the Court of Appeals. It does not appear that the appeal was ever prosecuted.